UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMOTHY LEWIS-EL,

       Plaintiff,

                                         CASE NO. 11-CV-14472
v.                                       HONORABLE MARK A. GOLDSMITH

B. PARKER, et al.,

       Defendants.
_____/

### OPINION AND ORDER OF PARTIAL SUMMARY DISMISSAL AND DIRECTING SERVICE UPON REMAINING DEFENDANTS

#### I. INTRODUCTION

This is a *pro se* civil rights case brought pursuant to 42 U.S.C. § 1983. Michigan prisoner Timothy Lewis-El, currently confined at the Mound Correctional Facility in Detroit, Michigan, alleges that he was assaulted by a corrections officer, denied proper medical care, and denied due process during the grievance process while confined at the Thumb Correctional Facility in Lapeer, Michigan. Plaintiff names Corrections Officers B. Parker and Soper, Inspector Mullins, Lieutenant B. Harvey, Captain T. Peiffer, Registered Nurse Todd W. Durran, Doctor Joseph R. Burtach, Warden Millicent Warren, former Michigan Department of Corrections ("MDOC") Director Patricia Caruso, and Prison Affairs Manager James Armstrong as defendants and sues them in their official and individual capacities. Plaintiff seeks declaratory and injunctive relief, as well as compensatory and punitive damages. The Court has granted Plaintiff leave to proceed without prepayment of the fees and costs for this action. *See* 28 U.S.C. § 1915(a)(1).

## II. DISCUSSION

Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957) and Fed. R. Civ. P. 8(a)(2)). While this notice pleading standard does require not require "detailed" factual allegations, it does require more than the bare assertion of legal conclusions. *Twombly*, 550 U.S. at 555. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, _ U.S. _, 129 S. Ct. 1937, 1949 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 557).

Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S.

319, 325 (1989).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *See Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *see also Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009). A *pro se* civil rights complaint is to be construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Despite this liberal pleading standard, the Court finds that a portion of Plaintiff's complaint is subject to summary dismissal.

Plaintiff's claims against defendants Soper, Mullins, Harvey, Peiffer, Warren, Caruso, and Armstrong must be dismissed. First, Plaintiff has failed to allege facts demonstrating the personal involvement of those defendants in the alleged assault/excessive force or the alleged denial of medical care. It is well-settled that a civil rights plaintiff must allege the personal involvement of a defendant to state a claim under 42 U.S.C. § 1983. *See, e.g., Monell v. Department of Social Svs.*, 436 U.S. 658, 691-92 (1978) (Section 1983 liability cannot be based upon a theory of *respondeat superior*); *Taylor v. Michigan Dep't of Corrections*, 69 F.3d 716, 727-28 (6th Cir. 1995) (plaintiff must allege facts showing that the defendant participated, condoned, encouraged, or knowingly acquiesced in alleged misconduct to establish liability). Plaintiff has not done so with respect to defendants Soper, Mullins, Harvey, Peiffer, Warren, Caruso, and Armstrong. Any assertion that those defendants failed to supervise another employee, should be vicariously liable for another employee's conduct, erred in denying Plaintiff's complaints, and/or did not properly respond to the situation is insufficient to state a claim under § 1983. *See, e.g., Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999); *see also Martin v. Harvey*, 14 F. App'x 307, 309 (6th Cir. 2001). Plaintiff has also

3

not alleged facts showing that any injury he suffered is the result of any policy or regulation, or that any improper conduct arose from the deliberate failure to adequately investigate, train, or supervise employees. *See Ellis v. Cleveland Mun. Sch. Dist.*, 455 F.3d 690, 700 (6th Cir. 2006) (setting forth three-part test for such claims).

Second, Plaintiff has also not alleged facts showing that one or more of those defendants conspired against him. To maintain a conspiracy claim under § 1983, a plaintiff must demonstrate: (1) a single plan, (2) that the alleged co-conspirator shared in the general conspiratorial objective, and (3) that an overt act was committed in furtherance of the conspiracy that deprived the plaintiff of his civil rights. *See Hooks v. Hooks*, 771 F.2d 935, 943-44 (6th Cir. 1985); *see also Memphis, TN Area Local v. City of Memphis*, 361 F.3d 898, 905 (6th Cir. 2004). To state a conspiracy claim under § 1983, a plaintiff must plead the conspiracy with some specificity. Vague and conclusory allegations unsupported by material facts are insufficient. *See Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987); *see also Horton v. Martin*, 137 F. App'x 773 (6th Cir. 2005). Plaintiff has not alleged any facts establishing a conspiracy. His conclusory allegations are insufficient to state a civil rights claim under § 1983. *See Lanier v. Bryant*, 332 F.3d 999, 1007 (6th Cir. 2003); *see also Iqbal*, 129 S. Ct. at 1948-49; *Twombly*, 550 U.S. at 555-57.

Third, Plaintiff has failed to allege or establish a due process violation. It is well-settled that a Michigan prisoner does not have a due process right to an inmate grievance procedure or the right to an effective procedure. *See Walker v. Michigan Dep't of Corrections*, 128 F. App'x 441, 445 (6th Cir. 2005); *Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. 2003) (citing cases). Michigan law does not create a liberty interest in the grievance procedure. *See Olim v. Wakinekona*, 461 U.S. 238, 249 (1983); *Wynn v. Wolf*, No. 93–2411, 1994 WL 105907, at *1 (6th Cir. Mar. 28, 1994). Thus,

to the extent that Plaintiff is dissatisfied with the defendants' responses to his complaints or grievances, he fails to state a claim upon which relief may be granted. *See Carlton v. Jondreau*, 76 F. App'x 642, 644 (6th Cir. 2003) (prisoner failed to state a claim based upon defendant's failure to investigate grievance); *Proctor v. Applegate*, 661 F. Supp. 2d 743, 766-67 (E.D. Mich. 2009) (Borman, J., adopting magistrate judge's report). Plaintiff's claims against defendants Soper, Mullins, Harvey, Peiffer, Warren, Caruso, and Armstrong must be dismissed.

Having reviewed the complaint and given the pleading standard for *pro se* actions, the Court finds that Plaintiff's claims against defendant Parker for assault/excessive force and against defendants Durran and Burtach for the denial of medical care are not subject to summary dismissal. *See Hudson v. McMillan*, 503 U.S. 1, 5 (1992) (confirming that the "unnecessary and wanton infliction of pain . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment."); *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976) (ruling that "deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment"). While Plaintiff may or may not ultimately prevail on those claims, he has pled sufficient facts to state such claims. Service of the assault/excessive force and medical care claims upon defendants Parker, Durran, and Burtach is therefore appropriate.

### III. CONCLUSION

For the reasons stated, the Court concludes that Plaintiff has failed to state a claim upon which relief may be granted against defendants Soper, Mullins, Harvey, Peiffer, Warren, Caruso, and Armstrong. Accordingly, the Court dismisses with prejudice Plaintiff's claims against those defendants pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). The Court further concludes that Plaintiff's assault and medical care claims against the remaining defendants are not subject to

summary dismissal. Accordingly, the Court directs that a copy of the complaint and a copy of this order be served upon defendants Parker, Durran, and Burtach by the United States Marshal without prepayment of costs. Lastly, the Court concludes that an appeal from this order would be frivolous and cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

SO ORDERED.

s/Mark A. Goldsmith
MARK A. GOLDSMITH
UNITED STATES DISTRICT JUDGE

Dated: November 10, 2011