UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMOTHY LEWIS,

    Plaintiff,

                                        No. 11-14472
-vs-                                  District Judge Mark A. Goldsmith
                                       Magistrate Judge R. Steven Whalen

B. PARKER, ET AL.,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

Plaintiff Timothy Lewis, a prison inmate in the custody of the Michigan Department of Corrections ("MDOC"), has filed a *pro se* civil complaint under 42 U.S.C. § 1983, alleging deliberate indifference to his serious medical needs, in violation of the Eighth Amendment. Before the Court is a Motion to Dismiss filed by Defendant Joseph R. Burtach [Doc. #22] and a Motion to Dismiss filed by Defendant Todd W. Durnan [Doc. #41], which have been referred for Reports and Recommendations pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons discussed below, I recommend that both Motions be GRANTED, and that the complaint be DISMISSED WITH PREJUDICE as to Defendants Burtach and Durnan.

**I.  FACTS**

At the time of the events giving rise to this action, Plaintiff was confined in the Thumb Correctional Facility, a prison operated by the MDOC in Lapeer, Michigan. Defendant Burtach was a medical doctor at the facility, and Defendant Durnan was a registered nurse (R.N.). Plaintiff alleges that on September 21, 2008, he was subjected to a pat-down search, known colloquially as a "shake-down," by Corrections Officer B.

Parker.[1]  Plaintiff alleges that during the course of the search, Parker aggressively squeezed his testicle, causing pain.  When Plaintiff complained, Parker allegedly stated, "That's what happens when you write frivolous grievances on me."  *Complaint* [Doc. #1], ¶¶ 16-17.

Plaintiff submitted health care request forms on September 22 and September 29, 2008.  He alleges that on October 8, 2008 he was seen by Dr. Burtach and R.N. Durnan.  *Id*. ¶ 20. Plaintiff states that these Defendants prepared a 3-page report noting his complaint and diagnosing "right testicular contusion and pain." *Id.*  However, Plaintiff alleges that these Defendants intentionally failed to order appropriate treatment, in order to "avoid establishing an injury caused by their co-conspirator Parker."  *Id*.  He states that his suffering continues "to date."  *Id*.

Plaintiff alleges that Defendants Burtach and Durnan were deliberately indifferent to his known medical needs in violation of the Eighth Amendment, and that the denial of treatment was in furtherance of a conspiracy to cover up the unlawful acts of Defendant Parker.  *Id.* ¶¶ 28, 33.

Plaintiff has appended a number of documents to his complaint, and states, following ¶ 36, that these documents "are incorporated by reference," and "must be reviewed in conjunction with the facts/claims set forth herein."  Exhibit 6 to the complaint is Plaintiff's request for a medical evaluation "due to an injury I sustained on 9-21-08."  In the request, Plaintiff complains of "pain in my stomach and testicles."

The first page of Exhibit 8 is a "Request for Services Kite Response-Medical" completed by Defendant Durnan.  It states that Plaintiff's request was received on October 1, 2008, and notes "abdominal pain." It schedules Plaintiff for sick call "on or

---

[1] Although named as a Defendant, Parker is not a subject of these Motions.

about 10/03/2008," noting an assessment of urgency as "routine."  The next three pages of Exhibit 8 are a report of a physical examination performed by Dr. Burtach on October 8, 2008. Dr. Burtach describes a chief complaint of intermittent testicular pain of moderate intensity, and notes that the discomfort is relieved by Naprosyn. Vital signs were taken, and the second page of Dr. Burtach's report contains a specific section detailing the examination of Plaintiff's genitalia. The foreskin, glans, penis, urethra, scrotum, lymph nodes, inguinal canals and right testicle were all normal. The left testicle was absent "from previous left hernia surgery." On the third page of the report, Dr. Burtach noted "right testicular pain due to trauma, possibly a contused testicle. Absent left testicle."  In the section titled "Plan," Dr. Burtach wrote, "Continue Naprosyn. If pain is persisting, notify health care."

## II.   STANDARD OF REVIEW

Fed.R.Civ.P. 12(b)(6) provides for dismissal of a complaint "for failure of the pleading to state a claim upon which relief can be granted."  Rule 12(b) also provides that if, on consideration of a motion under paragraph (6), "matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56 (summary judgment)."  In assessing a Rule 12(b)(6) motion, the court accepts the plaintiff's factual allegations as true, and asks whether, as a matter of law, the plaintiff is entitled to legal relief. *Rippy v. Hattaway,* 270 F.3d 416, 419 (6th Cir. 2001).

In assessing the sufficiency of a complaint, the court must first determine whether it contains factual allegations, as opposed to legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*, at 678 (citing *Bell Atlantic Corp. v.*

*Twombley*, 550 U.S 544, 555 (2007)). Second, the facts that are pled must show a "plausible" claim for relief. *Iqbal*, at 678-679.

### III. DISCUSSION

#### A. Eighth Amendment Deliberate Indifference

Under the Eighth Amendment, prison officials may not act with deliberate indifference to the medical needs of their prisoners. *Estelle v. Gamble,* 429 U.S. 97, 103-104 (1976). A deliberate indifference claim has two components, one objective and the other subjective. *Farmer v. Brennan,* 511 U.S. 825, 834 (1994); *Comstock v. McCrary,* 273 F.3d 693, 702 (6th Cir. 2001). Under the objective component, "the plaintiff must allege that the medical need at issue is 'sufficiently serious.'" *Id.* Under the subjective component, "the plaintiff must allege facts which, if true, would show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk." *Id.*

Deliberate indifference to medical needs may be established by showing an interruption of a prescribed plan of treatment, or a delay in medical treatment. *Estelle v. Gamble, supra; Caldwell v. Moore*, 968 F.2d 595, 602 (6th Cir. 1992). However, "[w]here a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Westlake v. Lucas*, 537 F.2d 857, 860, n.5 (6th cir. 1976). *See also Sanderfer v. Nichols*, 62 F.3d 151, 154 (6th Cir. 1999), citing *Estelle v. Gamble, supra* ("Deliberate indifference, however, does not include negligence in diagnosing a medical condition").

For purposes of this analysis, I assume that Plaintiff's testicular pain was sufficiently serious to meet the objective part of a deliberate indifference claim. It is under the objective prong, however, that his case falters.

### 1. Defendant Burtach

According to Plaintiff's complaint and the attached exhibits, Dr. Burtach saw Plaintiff on October 8, 2008, took a history, recorded vital signs, and conducted a specific medical examination of the genital area. Although he found no obvious abnormalities, save for a missing testicle, he assessed the problem as a possible contused testicle. Noting that Plaintiff's discomfort was relieved by Naprosyn, he order a continuation of that medication, with instructions for Plaintiff to notify health care if the pain persisted.

Plaintiff may disagree with Dr. Burtach's assessment and treatment plan, but under the constitutional standard, the test is not whether the Plaintiff concurs with a physician's medical judgment, or even whether he received optimal care, but whether the Defendant was deliberately indifferent. Dr. Burtach responded to Plaintiff's complaint, conducted an appropriate examination, made a medical assessment of the situation, and provided conservative treatment in the form of anti-inflammatory medication. There is nothing in the complaint or the attached exhibits that would plausibly support a finding of deliberate indifference.

### 2. Defendant Durnan

Although Plaintiff alleges that both Durnan and Burtach saw him on October 8, there is nothing in his attached exhibits that suggests that Defendant Durnan, an R.N., ever examined or saw the Plaintiff. Rather, according to Exhibit 8, Durnan made a triage assessment of Plaintiff's complaints and promptly referred him to Dr. Burtach, who conducted an examination and rendered conservative treatment as discussed above.

Moreover, even if Durnan had been present during Dr. Burtach's examination, the Plaintiff received constitutionally adequate treatment, as discussed above. The Plaintiff has made no plausible allegation that would support a finding that Defendant Durnan was deliberately indifferent to his medical needs.

### B.     Conspiracy

Plaintiff contends that Defendants Burtch and Durnan withheld proper medical treatment as part of a conspiracy to cover up the wrongdoing of the Corrections Officer who assaulted him. As discussed above, however, there was no improper withholding of medical attention, nor was the medical treatment rendered constitutionally inadequate. Thus, the alleged conspiratorial acts simply did not occur.

In addition, Plaintiff has not plausibly set forth a claim of conspiracy against Burtch and Durnan. In *Gutierrez v. Lynch*, 826 F.2d 1534, 1538-39 (6th Cir. 1987), the Court stated the well-settled rule "that conspiracy claims must be pled with some degree of specificity and that vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim under § 1983." There must be something more than a defendant's personal belief that he is the victim of retaliation or conspiracy. *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997).[2]

---

[2] In his response briefs [Doc. #30 and #31], Plaintiff attaches affidavits from other inmates. Apart from the hearsay nature of at least one of the affidavits, they do not factually support a claim of conspiracy. Moreover, these Rule 12(b)(6) motions are based on the complaint and the exhibits attached to the complaint. Finally, even if these affidavits are accepted and considered, they do not change the fact that the complaint does not state a plausible claim that Burtach and Durnan were deliberately indifferent. That being the case, there simply was no overt conspiratorial act.

### C. Injunctive Relief

Plaintiff is no longer housed at the Thumb Correctional Facility, where the events giving rise to his complaint took place. Further, "It is well established that '[a] prisoner's transfer to a different correctional facility generally moots his request for injunctive relief against employees of the transferor facility.' " *Herrerra v. Michigan Dept. of Corrections,* No. 10–11215, 2011 WL 3862640, at *3 (E.D.Mich. July 22, 2011) (quoting *Thompson v. Carter,* 284 F.3d 411, 415 (2d Cir.2002)); *see also Kensu v. Haigh,* 87 F.3d 172, 175 (6th Cir.1996) (finding a prisoner's request for injunctive relief moot because the prisoner was "no longer confined to the institution" where the challenged actions occurred). Plaintiff's claim for injunctive relief is moot.

### IV. CONCLUSION

For these reasons, I recommend that Defendant Burtach's Motion to Dismiss [Doc. #22] and Defendant Durnan's Motion to Dismiss [Doc. #41] both be GRANTED, and that the complaint be DISMISSED WITH PREJUDICE against these two Defendants.

Any objections to this Report and Recommendation must be filed within 14 days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to

E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within 14 days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than 20 pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/R. Steven Whalen<br>
R. STEVEN WHALEN<br>
UNITED STATES MAGISTRATE JUDGE

Dated: August 16, 2013

---

### CERTIFICATE OF SERVICE

I hereby certify on August 16, 2013, that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on August 16, 2013:

**Timothy Lewis, #229117**
**Ryan Correctional Facility**
**17600 Ryan Road**
**Detroit, MI  48212**

s/Terri L. Hackman<br>
Judicial Assistant to<br>
Magistrate Judge R. Steven Whalen<br>
(313) 234-5115