UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMOTHY LEWIS,

    Plaintiff,                                       Case No. 11-CV-14472

vs.                                            HON. MARK A. GOLDSMITH

B. PARKER,

    Defendant.
_____/

## ORDER REGARDING PLAINTIFF'S MOTION TO SHOW CAUSE (DKT. 51) AND ORDER OF REFERENCE TO THE MAGISTRATE JUDGE

On September 18, 2013, the Court issued an order accepting and adopting the Magistrate Judge's recommendation to dismiss Defendants Burtach and Durnan from this action. Order 9/18/13 (Dkt. 48). That left one remaining Defendant, B. Parker, who had not yet been served. Accordingly, the Court ordered Plaintiff to "show cause in writing why this matter should not be dismissed without prejudice for failing to request an extension or seek alternative means of service." Id.

On October 17, 2013, Plaintiff filed his "Motion to Show Cause As Directed By The Court's 9-18-13 Order." Pl.'s Mot. (Dkt. 51). Although styled as a motion, the Court notes that, in reality, this filing is a response to the Court's order to show cause.

Having reviewed Plaintiff's response and the record, the Court is satisfied that Plaintiff has sufficiently explained the reason for the lack of service in this case. Although service has been attempted repeatedly by waiver requests and via certified mail, it has been unsuccessful thus far. Accordingly, the Court now directs United States Magistrate Judge R. Steven Whalen to attempt to effect personal service upon the remaining Defendant, B. Parker, using the United States Marshals Service.

In addition, Plaintiff requested in his "motion" that the Court appoint counsel for him. Pl.'s Mot. at 2.  Appointment of counsel is within the trial court's discretion. <u>Glover v. Johnson</u>, 75 F.3d 264, 268 (6th Cir.1996). "As a general rule, trial courts in the Sixth Circuit do not appoint lawyers for indigent pro se prisoners in civil rights cases and prisoner grievance-type cases unless extraordinary circumstances exist." <u>Hudson v. Caruso</u>, No. 1:10–cv–58, 2011 WL 1042296, at *3 (W.D. Mich. Jan. 24, 2011). As the Sixth Circuit has explained:

> Appointment of counsel in a civil case is not a constitutional right. It is a privilege that is justified only by exceptional circumstances. In determining whether "exceptional circumstances" exist, courts have examined the type of case and the abilities of the plaintiff to represent himself. This generally involves a determination of the complexity of the factual and legal issues involved.

<u>Lavado v. Keohane</u>, 992 F.2d 601, 605–606 (6th Cir. 1993) (internal quotation marks and citations omitted).

From a review of the current record in this case, the Court is unable to find any exceptional circumstances justifying the appointment of counsel at this time. While Plaintiff claims that the appointment of counsel would "clearly be in the interest of [j]ustice," and is "plainly warranted," he has filed responses to the motions to dismiss thus far (Dkts. 30, 31, 44), a request for entry of default and a motion for default judgment (Dkt. 40, 49), and a response to the Court's order to show cause (Dkt. 51), thus indicating his basic understanding of the legal process and ability to represent himself.  Moreover, from Plaintiff's letter dated July 29, 2013, it appears that he seeks counsel solely to help effect service upon Defendant Parker.  7/29/13 Letter (Dkt. 45) ("I ask that you extend the summons and complaint or appoint counsel since MDOC will not provide Plaintiff [with] Defendant B. Parker['s] mailing address.").  However, the Court's order for the Magistrate Judge to attempt to effect personal service using the United States Marshals Service should alleviate this concern.

2

Additionally, "it is the practice of this Court to defer any attempt to obtain counsel for pro se plaintiffs until after motions to dismiss or motions for summary judgment have been denied." Garrison v. Kranz, No. 10-14259, 2011 WL 3440757, at *2 (E.D. Mich. Aug. 5, 2011). Here, the sole remaining Defendant has not yet been served, let alone filed any dispositive motions. Thus, Plaintiff's request for counsel is premature. Accordingly, the Court denies Plaintiff's request for appointment of counsel without prejudice. Magistrate Judge R. Steven Whalen may re-examine this decision, if appropriate, following service and any responsive pleading that Defendant Parker may file.

Finally, the Court notes that this matter was previously referred to Magistrate Judge R. Steven Whalen for all pretrial proceedings. See 3/27/12 Order of Reference (Dkt. 8). Out of an abundance of caution, the Court re-orders that this matter is referred to Magistrate Judge R. Steven Whalen for all pretrial proceedings, including a hearing and determination of all non-dispositive matters, pursuant to 28 U.S.C. § 636(b)(1)(A), and for a report and recommendation on all dispositive matters, pursuant to 28 U.S.C. § 636(b)(1)(B).

SO ORDERED.

Dated:  November 18, 2013                  s/Mark A. Goldsmith
 Flint, Michigan                                        MARK A. GOLDSMITH
                                                                United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 18, 2013.

                                                                s/Deborah J. Goltz
                                                                DEBORAH J. GOLTZ
                                                                Case Manager