UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMOTHY LEWIS,

    Plaintiff,

-vs-                                  No. 11-14472
                                      District Judge Mark A. Goldsmith
                                      Magistrate Judge R. Steven Whalen

B. PARKER, ET AL.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Before the Court is Plaintiff Timothy Lewis' Motion for Default Judgment as to Defendant B. Parker [Doc. #49], which has been referred for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons discussed below, I recommend that the motion be DENIED.

### I.    RELEVANT FACTS

On October 11, 2011, Plaintiff, a *pro se* litigant in the custody of the Michigan Department of Corrections ("MDOC"), filed a civil complaint pursuant to 42 U.S.C. § 1983. On November 10, 2011, the Court summarily dismissed all Defendants except Parker, Durran, and Burtach, and ordered Marshal's service as to those three Defendants [Doc. #5]. On September 18, 2013, the Court dismissed Defendants Durran and Burtach [Doc. #48]. In that order, the Court, noting that Defendant Parker had not been served, ordered Plaintiff to show cause why the case should not be dismissed without prejudice:

> "In addition, the Court notes that it appears that the sole remaining Defendant, B. Parker, has not yet been served. Although Magistrate Judge Whalen ordered that service be effectuated by certified mail, return receipt requested, Dkt. 34, the docket reflects that this mailing went unclaimed and was returned on June 12, 2013. Pursuant to Michigan Court Rule 2.105(A)(2), service is not effective by certified mail until defendant

-1-

'acknowledges receipt of the mail.' Plaintiff has not requested any other alternative means of service, such as by publication or posting. See Michigan Court Rule. 2.105(I), 2.106. Moreover, although Magistrate Judge Whalen extended the time for service by 45 days in April 2013, Dkt. 34, that time for service has now expired and Plaintiff has not requested a further extension. See Fed. R. Civ. P. 4(m). Therefore, the Court orders Plaintiff to show cause in writing why this matter should not be dismissed without prejudice for failing to request an extension or seek alternative means of service. Plaintiff's response must be received by the Court on or before October 18, 2013."

On September 25, 2013, seven days after the Court's show cause order, Plaintiff filed the present motion for default judgment. On October 17, 2013, Plaintiff filed a "motion to show cause" [Doc. #51]. Construing this pleading as a response to the September 18, 2013 show cause order, the Court found that Plaintiff had "sufficiently explained the reason for lack of service," and directed the undersigned Magistrate Judge "to attempt to effect personal service upon the remaining Defendant, B. Parker, using the United States Marshals Service." [Doc. #53]. Defendant Parker was personally served with a copy of the complaint, along with a request for waiver of service, on December 11, 2013. *See* Return of Service [Doc. #57]. On the same date, Defendant Benny Parker executed the waiver of service [Doc. #56], acknowledging that a responsive pleading was due in 60 days.

On February 10, 2014, 60 days after the request for waiver of service was delivered to Defendant Parker, he filed a motion for summary judgment [Doc. #60]. Plaintiff filed a response to the summary judgment motion of April 2, 2014 [Doc. #62].

## II.   DISCUSSION

### A.  No Clerk's Entry of Default

In order for a Plaintiff to obtain a judgment by default, he must first request a Clerk's entry of default pursuant to Fed.R.Civ.P. 55(a). A default *judgment* is governed by Rule 55(b)(2). "An entry of default and a default judgment are distinct concepts which

must be treated separately." *Northland Ins. Co. v. Cailu Title Corp.,* 204 F.R.D. 327, 330 (W.D.Mich.2000) (quoting *United States v. Topeka Livestock Auction, Inc.,* 392 F.Supp. 944, 950 (N.D.Ind.1975)). In *Vongrabe v. Sprint PCS,* 312 F.Supp.2d 1313, 1318 (S.D.Cal.2004), the court explained:

> "The section of the rule regarding default is dealt with in Rule 55(a), and the section of the rule regarding judgment is dealt with in Rule 55(b). These sections have separate headings and procedures that are distinct from one another. Thus, a plain reading of Rule 55 demonstrates that entry of default by the clerk is a prerequisite to an entry of default judgment."
>
> *See also Ramada Franchise Sys., Inc.,* 220 F.R.D. 303, 305 (N.D.Ohio 2004)

(quoting *Sys. Indus., Inc. v. Han,* 105 F.R.D. 72, 74 (E.D.Penn.1985)) ("Entry of a default ... is a prerequisite to entry of a default judgment under Rule 55(b)."); *DeTore v. Local # 245 of the Jersey City Public Employees Union,* 511 F.Supp. 171, 176 (D.N.J.1981) ("However, no default judgment may be entered under either F.R.Civ.P. 55(b)(1) or (b)(2) unless a default has previously been entered by the clerk under 55(a). Thus, the entry of default is an essential predicate to any default judgment.").

In this case, the Clerk has not entered of default under Rule 55(a). Therefore, Plaintiff is not entitled to a default judgment under Rule 55(b).

## B.   Defendant Parker Timely Filed a Responsive Pleading

Defendant Benny Parker is a former MDOC employee who no longer lives in the State of Michigan. To say the least, it has been difficult to obtain an address at which the Marshals could serve him. On November 22, 2013 I ordered the United States Marshals Service to attempt personal service on Defendant Parker at his last known address [Doc. #54]. On December 11, 2013, the Marshals personally served Parker with a complaint and request for waiver of service. *See* Doc. #57.

Fed.R.Civ.P. 4(d) provides that a request for waiver of service is to be mailed to the defendant, along with a copy of the complaint. Depending upon whether a complaint and summons are personally served or whether a defendant executes a waiver of service, there is a significant difference in the time to file a responsive pleading. Where a complaint and summons are personally served, the defendant must file within 21 days. Fed.R.Civ.P. 12(a)(1)(A)(i).  Where a defendant waives service, the defendant must file within 60 days of when the request for waiver was sent.  Rule 12(a)(1)(A)(ii).

Here, the request for waiver of service and the complaint were personally served, not mailed. This would seem to defeat the purpose of waiving service, which is "to avoid unnecessary expenses of serving the summons." Rule 4(d)(1). Nevertheless, the request for waiver that was delivered to Parker clearly advised him that he "must file and serve an answer or a motion under Rule 12 within 60 days from 12-11-2013, the date when this request was sent...." [Doc. #56]. Under these circumstances, regardless of the fact that the request for waiver was personally served rather than mailed, Parker was entitled to rely on the advice in the waiver as to the 60-day time limit for filing a responsive pleading. As indicated in Doc. #56, under the 60-day rule, the answer or motion was due on February 10, 2014.  Defendant Parker filed his motion on that date [Doc. #60].  Because he filed timely, Plaintiff is not entitled to a default judgment.

### III.   CONCLUSION

For these reasons, I recommend that Plaintiff's  Motion for Default Judgment as to Defendant B. Parker [Doc. #49] be DENIED.

Any objections to this  Report and Recommendation must be filed  within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further

right of appeal.  *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

   Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

                             s/R. Steven Whalen
                             R. STEVEN WHALEN
                             UNITED STATES MAGISTRATE JUDGE
Dated: June 24, 2014

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on June 24, 2014, electronically and/or by U.S. mail.

                             s/Carolyn M. Ciesla
                             Case Manager to the
                             Honorable R. Steven Whalen