UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMOTHY LEWIS,

    Plaintiff,

                             No. 11-14472
-vs-                      District Judge Mark A. Goldsmith
                             Magistrate Judge R. Steven Whalen

B. PARKER, ET AL.,

    Defendants.

_____/

**REPORT AND RECOMMENDATION**

    Plaintiff Timothy Lewis, a prison inmate in the custody of the Michigan Department of Corrections ("MDOC"), has filed a *pro se* civil complaint under 42 U.S.C. § 1983. Before the Court is Defendant Benny Parker's Motion for Summary Judgment [Doc. #60], which has been referred for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).[1] For the reasons discussed below, I recommend that the motion be GRANTED.

**I.    FACTS**

    At the time of the events giving rise to this action, Plaintiff was confined in the Thumb Correctional Facility, a prison operated by the MDOC in Lapeer, Michigan. Plaintiff alleges that on September 21, 2008, he was subjected to a pat-down search,

---

[1] All of the other named Defendants have been dismissed.

known colloquially as a "shake-down," by Corrections Officer B. Parker. He alleges that Parker reached into his pockets, "physically manipulated an item in the right pocket," and asked what it was. Plaintiff replied that it was his room key. Plaintiff alleges that at that point, Parker "proceeded to grab the item with his hand inside Plaintiff's pocket and reached further over towards Plaintiff's groin area and squeezed his testicle." *Complaint* [Doc. #1], ¶ 16. When Plaintiff complained, Parker allegedly stated, "That's what happens when you write frivolous grievances on me." *Id.*, ¶ 17. In a Step III grievance appeal attached to his complaint, Plaintiff concedes that Parker "did find a watch in my pocket without a number and wrote a misconduct report...." Plaintiff stated in the grievance appeal that he was found not guilty of the misconduct.

Plaintiff alleges that Parker's actions during the "routine shakedown" constituted cruel and unusual punishment, in violation of the Eighth Amendment. *Id.* ¶ 30. He seeks monetary damages and injunctive relief. *Id*. pp. 10-11.

Appended to Defendant's motion [Doc. #60] as Exhibit B is the affidavit of Benny Parker, who at the time of the events alleged in the complaint was an MDOC Corrections Officer employed at the Thumb Correctional Facility in Lapeer, Michigan. Parker states that on September 21, 2008, he observed the Plaintiff loitering in front of a unit other than the one in which he resided. *Parker Affidavit*, ¶ 5. He states that he observed another inmate hand something to Plaintiff, and when he asked Plaintiff what he was doing in the other unit, Plaintiff replied, "None of your business." *Id.* ¶¶ 6-7. Parker states that he did

-2-

not conduct a pat-down search, nor did he put his hands in Plaintiff's pockets; rather, he asked Plaintiff to empty his pockets, and Plaintiff complied. *Id*. ¶¶ 8-9. When Plaintiff emptied his pockets, he had a watch without a prisoner ID number. Parker confiscated the watch and issued Plaintiff "a minor misconduct as well as a contraband removal form." *Id*. ¶¶ 9-10. Parker states that "[i]t is not proper procedure or security for an officer to put his hands in an inmate's pant pockets while conducting a search and I did not put my hands in Lewis' pant pockets." *Id*. ¶ 8.

Parker denies that Plaintiff said, "That was my groin that you squeezed," reiterating that he never conducted a pat-down search. *Id*. ¶ 11. Parker also denies telling Plaintiff that "that's what happens when you write frivolous grievances on me." *Id*. ¶ 12.

## II.    STANDARD OF REVIEW

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c). To prevail on a motion for summary judgment, the non-moving party must show sufficient evidence to create a genuine issue of material fact. *Klepper v. First American Bank*, 916 F.2d 337, 341-42 (6th Cir. 1990). Drawing all reasonable inferences in favor of the non-moving party, the Court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Entry of summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celetox Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). When the "record taken as a whole could not lead a rational trier of fact to find for the nonmoving party," there is no genuine issue of material fact, and summary judgment is appropriate. *Simmons-Harris v. Zelman*, 234 F.3d 945, 951 (6th Cir. 2000).

Once the moving party in a summary judgment motion identifies portions of the record which demonstrate the absence of a genuine dispute over material facts, the opposing party may not then "rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact," but must make an affirmative evidentiary showing to defeat the motion. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989). The non-moving party must identify specific facts in affidavits, depositions or other factual material showing "evidence on which the jury could *reasonably* find for the plaintiff." *Anderson*, 477 U.S. at 252 (emphasis added). If, after sufficient opportunity for discovery, the non-moving party cannot meet that burden, summary judgment is clearly proper. *Celotex Corp.*, 477 U.S. at 322-23.

### III. DISCUSSION

Although Defendant denies Plaintiff's factual allegations, and disputes that a pat-

down search ever took place, he argues that even taking those allegations as true, the Plaintiff has not stated an Eighth Amendment claim. Defendant further asserts that in any event, he would be entitled to qualified immunity.[2]

### A.   Eighth Amendment Claim

The Eighth Amendment proscribes the infliction of cruel and unusual punishment upon prisoners. Eighth Amendment claims must satisfy both an objective and a subjective test. *See Farmer v. Brennan,* 511 U.S. 825, 834 (1994); *Wilson v. Seiter,* 501 U.S. 294, 297-300 (1991). Under this analysis, what constitutes "unnecessary and wanton infliction of pain" will vary depending on the nature of the alleged constitutional violation. *Hudson v. McMillian,* 503 U.S. 1, 5 (1992); *Brooks v. Celeste,* 39 F.3d 125, 128 (6th Cir. 1994). The plaintiff bears the burden of proving these elements by a preponderance of the evidence. *Id*. at 127-28.

The objective prong asks whether the harm inflicted by the conduct is sufficiently serious to warrant Eighth Amendment protection. See *McMillian,* 503 U.S. at 8-9; *Rhodes,* 452 U.S. at 349 (1981). To satisfy this prong, the conduct must deprive the plaintiff of "the minimal civilized measure of life's necessities." *Rhodes v. Chapman,* 452 U.S. 337, 349. The objective component is contextually driven and is responsive to

---

[2] Defendant also argues that he is entitled to Eleventh Amendment immunity in his official capacity. *Brief in Support of Motion for Summary Judgment*, pp. 11-12. However, Plaintiff's complaint clearly alleges that Defendant Parker is sued only in his individual capacity. *Complaint,* ¶ 4.

"'contemporary standards of decency.'" *McMillian,* 503 U.S. at 8 (*quoting Estelle v. Gamble,* 429 U.S. 97,103). The subjective prong asks whether the officials acted with a sufficiently culpable state of mind; that is, was the conduct "wanton." See *Wilson,* 501 U.S. at 302; *Moore v. Holbrook,* 2 F.3d 697, 700 (6th Cir. 1993). In determining whether an official acted wantonly, the court applies a "deliberate indifference" standard. *Wilson,* 501 U.S. at 302-03; *Estelle,* 429 U.S. at 104-06. Under this "deliberate indifference" standard,

> "a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it."

*Farmer,* 511 U.S. at 847.

In reviewing a summary judgment motion, the Court must take the non-moving party's allegations of fact as true. The question, then, is whether the squeezing of Plaintiff's testicles during an otherwise legitimate pat-down search violates the Eighth Amendment. As inappropriate as such actions might be, they do not, at least under the facts of this case.

In *Solomon v. Michigan Dept. of Corrections*, 478 Fed.Appx. 318, 2012 WL 1522932 (6th Cir. 2012),[3] the defendant Corrections Officer was alleged to have groped

---

[3] As a prison inmate, Plaintiff presumably has limited access to unpublished decisions. Therefore, along with this Report and Recommendation, the Court will mail him copies of all unpublished cases cited herein.

the plaintiff's penis while making sexually suggestive comments. On another occasion, the defendant allegedly squeezed the plaintiff's penis hard enough to cause pain. As in the present case, the plaintiff in *Solomon* did not allege a serious injury. Affirming the dismissal of the complaint, the Sixth Circuit held that "[m]inor, isolated incidents of touching, even if coupled with offensive sexual remarks, do not rise to the level of an Eighth Amendment violation." *Id*. at *2. (Citing *Boddie v. Schneider*, 105 F.3d 857, 859-61 (2nd Cir. 1997)). In *Tuttle v. Carroll County Detention Center*, 500 Fed.Appx. 480, 481-482, 2012 WL 4215747, *1 (C.A.6 (6th Cir. 2012), the Sixth Circuit also affirmed the dismissal of an Eighth Amendment claim where the plaintiff alleged that a female prison guard " *grabbed* [his] privates and *squeezed them really hard* ." (Emphasis in original). The Sixth Circuit cited with approval the district court's decision and the cases cited therein. *See Tuttle v. Carroll County Detention Center*, 2010 WL 2228347, at *1–2 (E.D.Ky. June 2, 2010)[4]; *see also Jackson v. Madery*, 158 Fed.Appx. 656, *4-5 (6th Cir.

---

[4] The district court in *Tuttle* stated as follows:

"Courts considering similar claims have held that allegations of contact with an inmate's or prisoner's genitals during the course of a single pat-down search or full frisk are insufficient to support a claim of constitutional dimension. *See Davis v. Castleberry,* 364 F.Supp.2d 319, 321–22 (W.D.N.Y.2005) (finding allegation that officer grabbed inmate's penis during routine pat-down insufficient to state constitutional claim and noting that a legitimate pat-down may require touching inmate's genital area for the search to be effective); *Williams v. Keane,* No. 95 Civ. 0379, 1997 WL 527677, at *9–*11 (S.D.N.Y. Aug. 25, 1997) (no Eighth Amendment claim where inmate alleged that his testicles were fondled by officer as part of a routine pat-down when exiting the mess hall). As one court explained:

2005)(allegation that prison guard grabbed inmate's buttocks in a degrading and humiliating manner during a "shake down" "does not rise to the level of cruel and unusual punishment under the Eighth Amendment." (Citing *Hudson v. McMillian*).

Other districts have found that similar conduct, while offensive and inappropriate, does not state an Eighth Amendment violation. *See eg., Montero v. Crusie,* 153 F.Supp.2d 368, 373–75 (S.D.NY.2001)("throwing kisses" at an inmate, squeezing the inmate's genitalia during a pat-down search, and requesting sexual favors from an inmate, were insufficient to constitute an Eighth Amendment violation); *Davis v. Castleberry,* 364

---

> [a]ny manual search of an individual's body will require some amount of manipulation of the genitals in order to accomplish the purpose of the search. Although "grabbing" and "tugging" could cause some discomfort and embarrassment, it does not rise to the level of "unnecessary and wanton infliction of [pain]" so long as it occurs as part of an otherwise justified search.

*Cherry v. Frank,* No. 03–129, 2003 WL 23205817, at * 12 (W.D.Wis., Dec. 4, 2003), *aff'd,* 125 F. App'x 63, 66 (7th Cir.2005); *see also Hughes v. Smith,* 237 F. App'x 756, 759 (3d Cir.2007) (no Eighth Amendment violation arising from allegation that correctional officer, who had previously made sexual comments to the plaintiff inmate, allegedly touched plaintiff's testicles through his clothing during a single pat-down frisk, citing *Bradley v. United States,* 299 F.3d 197, 203 (3d Cir.2002) (pat-down search performed on woman by female United States Customs Service did not violate Fourth Amendment notwithstanding allegation that inspector allegedly used fingers to 'inappropriately push' on plaintiff's breasts and outer portions of her genitalia through plaintiff's dress)). Tuttle's allegation that Hensley grabbed his genitals and squeezed them in the course of a pat-down search during the booking process is likewise insufficient to implicate constitutional concerns." *Id*. at *1-2.

F.Supp.2d 319 (W.D.N.Y.2005)(evidence insufficient to establish a constitutional claim where officer grabbed the plaintiff's penis during a frisk and said "you should be used to it, as long as you have been here" when the plaintiff complained); *Morrison v. Cortright,* 397 F.Supp.2d 42 (W.D.N.Y 2005)(no constitutional violation where officer shone a flashlight into the inmate's rectum, ran his finger between the inmate's buttocks in a wiping fashion, and rubbed his genital area against the inmate's buttocks).

Based on the allegations in this case, the Plaintiff might have a state law claim of assault and battery. He has not, however, stated an Eighth Amendment claim.

### B. Qualified Immunity

Qualified immunity is an affirmative defense. A state official is protected by qualified immunity unless the Plaintiff shows (1) that the Defendant violated a constitutional right, and (2) the right was clearly established to the extent that a reasonable person in the Defendant's position would know that the conduct complained of was unlawful. *Saucier v. Katz*, 533 U.S. 194 (2001). Under *Saucier*, the inquiry was sequential, requiring the district court to first consider whether there was a constitutional violation. However, in *Pearson v. Callahan*, 555 U.S. 223 (2009), the Supreme Court held that the two-step sequential analysis set forth in *Saucier* is no longer mandatory. Rather, *Pearson* commended the order of inquiry to the judge's discretion, to be exercised on a case-by-case basis. *Id*. at 236.

I have determined, as discussed above, that Plaintiff has not stated a constitutional

violation. Therefore, Defendant would be entitled to qualified immunity under the first prong of *Saucier*. However, even if we assume that Defendant's alleged conduct crossed a constitutional line, he did not violate a *clearly established* right. In a qualified immunity analysis, the right in question cannot be a generalized right. "It must be clearly established in a 'particularized' sense, so that 'the contours of the right' are clear enough for any reasonable official in the defendants' position to know that what the official is doing violates that right." *Danese v. Asman,* 875 F.2d 1239, 1242 (6th Cir. 1989)(citations omitted). *See also Myers v. Potter*, 422 F.3d 347, 356 (6th Cir.2005) ("[W]e do not assess the right violated at a high level of generality, but instead, we must determine whether the right [is] 'clearly established' in a more particularized ... sense"); *Martin v. Heideman*, 106 F.3d 1308, 1312 (6th Cir.1997) ("Because most legal rights are 'clearly established' at some level of generality, immunity would be impossible to obtain if a plaintiff were required only to cite an abstract legal principle that an official had 'clearly' violated").

In determining whether a particular constitutional right is clearly established, this Court must "look first to decisions of the Supreme Court, then to decisions of [the Sixth Circuit], and finally to decisions of other courts." *Sallier v. Brooks,* 343 F.3d 868, 878 (6th Cir. 2003). There is no Supreme Court case holding that an officer's inappropriate touching of an inmate's genitals during an otherwise lawful pat-down search, which does

not result in physical injury, is an Eighth Amendment violation.[5] While there is no published Sixth Circuit case on point, the unpublished decisions cited above–*Solomon, Tuttle* and *Jackson*–clearly hold that such conduct does not support a constitutional claim. Those cases in turn rely in part on published and unpublished decisions from other courts, including the Second Circuit decision in *Boddie v. Schnieder, supra*. And, the Eastern District of Kentucky's decision in *Tuttle*, which was affirmed by the Sixth Circuit, cites published and unpublished opinions from the Third Circuit, the Western District of New York and the Western District of Wisconsin.

In other words, the great weight of authority hold that however crude and unsavory such actions may be deemed, they do not support a claim of cruel and unusual punishment under the Eighth Amendment. Hence, Plaintiff has not show a violation of a clearly established constitutional right, and Defendant Parker is entitled to qualified immunity on the Eighth Amendment claim.

## C. Injunctive Relief

Although Plaintiff makes a general claim for injunctive relief, it is unclear precisely what he is asking this Court to enjoin. Nevertheless, Plaintiff is no longer housed at the Thumb Correctional Facility, where the events giving rise to his complaint took place. "It is well established that '[a] prisoner's transfer to a different correctional

---

[5] The lead Eighth Amendment decision from the Supreme Court, *Hudson v. McMillian,* 503 U.S. at 9 (cited by the Sixth Circuit in *Tuttle*), held that in general, not "every malevolent touch by a prison guard gives rise to a federal cause of action."

facility generally moots his request for injunctive relief against employees of the transferor facility.' " *Herrerra v. Michigan Dept. of Corrections,* No. 10–11215, 2011 WL 3862640, at *3 (E.D.Mich. July 22, 2011) (quoting *Thompson v. Carter,* 284 F.3d 411, 415 (2d Cir.2002)); *see also Kensu v. Haigh,* 87 F.3d 172, 175 (6th Cir.1996) (finding a prisoner's request for injunctive relief moot because the prisoner was "no longer confined to the institution" where the challenged actions occurred). Plaintiff's claim for injunctive relief is moot.

## IV. CONCLUSION

For these reasons, I recommend that Defendant Parker's Motion for Summary Judgment [Doc. #60] be GRANTED, and that the complaint be DISMISSED WITH PREJUDICE.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir.

1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                              s/R. Steven Whalen
                                              R. STEVEN WHALEN
                                              UNITED STATES MAGISTRATE JUDGE

Dated: June 30, 2014

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on June 30, 2014, electronically and/or by U.S. mail.

                                              s/Carolyn M. Ciesla
                                              Case Manager to the
                                              Honorable R. Steven Whalen