UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMOTHY LEWIS-EL,

    Plaintiff,                                       Case No. 11-CV-14472

vs.                                                 HON. MARK A. GOLDSMITH

B. PARKER, et al.,

    Defendants.
_____/

**<u>ORDER (1) ACCEPTING-IN-PART AND REJECTING-IN-PART THE RECOMMENDATIONS CONTAINED IN THE MAGISTRATE JUDGE'S REPORTS AND RECOMMENDATIONS DATED JUNE 24, 2014 AND JUNE 30, 2014 (Dkts. 63, 64) and (2) GRANTING DEFENDANT PARKER'S MOTION FOR SUMMARY JUDGMENT IN PART (Dkt. 60) AND DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT (Dkt. 49); and (3) DISMISSING PLAINTIFF'S CLAIM UNDER 42 U.S.C. § 1983 AND FOR INJUNCTIVE RELIEF WITH PREJUDICE AND THE STATE-LAW CLAIMS WITHOUT PREJUDICE</u>**

This matter is presently before the Court on the Reports and Recommendations (R&Rs) of Magistrate Judge R. Steven Whalen, issued on June 24, 2014 and June 30, 2014 (Dkts. 63, 64). In the June 24, 2014 R&R (Dkt. 63), the Magistrate Judge recommends that Plaintiff Timothy Lewis-El's Motion for Default Judgment (Dkt. 49) be denied. In the June 30, 2014 R&R (Dkt. 64), the Magistrate Judge recommends that Defendant Parker's Motion for Summary Judgment (Dkt. 60) be granted, and that the complaint be dismissed with prejudice.

The parties have not filed objections to the R&R, and the time to do so has expired. <u>See</u> Fed. R. Civ. P. 72(b)(2). The failure to file a timely objection to an R&R constitutes a waiver of the right to further judicial review. <u>See</u> <u>Thomas v. Arn</u>, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal

conclusions, under a de novo or any other standard, when neither party objects to those findings."); Smith v. Detroit Fed'n of Teachers, 829 F.2d 1370, 1373-4 (6th Cir. 1987) (failure to file objection to R&R "waived subsequent review of the matter"); Cephas v. Nash, 328 F.3d 98, 1078 (2d Cir. 2003) ("As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point."); Lardie v. Birkett, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002) ("As to the parts of the report and recommendation to which no party has objected, the Court need not conduct a review by any standard.").

There is some authority that a district court is required to review the R&R for clear error. See Fed. R. Civ. P. 72 Advisory Committee Note Subdivision (b) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."). Therefore, the Court has reviewed the R&Rs for clear error. On the face of the record, the Court finds no clear error in the legal and factual analysis regarding Plaintiff's federal claim and request for default judgment. Accordingly, the Court (1) dismisses Plaintiff's claim under 42 U.S.C. § 1983 and for injunctive relief against Defendant Parker with prejudice and (2) denies Plaintiff's motion for default judgment.

Nevertheless, the Court only accepts in part the R&R regarding the motion for summary judgment. The R&R recommends that the Court dismiss the entire complaint with prejudice, even though the R&R concludes that, "[b]ased on the allegations in this case, the Plaintiff might have a state law claim of assault and battery." R&R at 9 (Dkt. 64). The Court notes, however, that in addition to the federal claim, Plaintiff alleges that Defendant Parker's actions "constituted the tort of assault and battery" and "the tort of negligence." Compl. ¶¶ 31, 36. Having determined that Plaintiff's federal claim lacks merit, the case does not retain a federal character. Accordingly, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law

claims pursuant to 28 U.S.C. § 1367. The Court, therefore, dismisses this portion of the complaint without prejudice. Brown v. Cuyahoga Cnty., Ohio, 517 F. App'x 431, 436 (6th Cir. 2013) ("28 U.S.C. § 1367 allows a district court to decline to exercise supplemental jurisdiction over state-law claims if the district court has dismissed all claims over which it has original jurisdiction.") (quotation marks and ellipses omitted).[1]

Accordingly, the Court accepts the R&Rs in part; Plaintiff's Motion for Default Judgment (Dkt. 49) is denied and Defendant Parker's Motion for Summary Judgment (Dkt. 60) is granted in part. Plaintiff's federal claim and request for injunctive relief are dismissed with prejudice and his state-law claims are dismissed without prejudice.[2]

SO ORDERED.

Dated: July 29, 2014           s/Mark A. Goldsmith
    Flint, Michigan          MARK A. GOLDSMITH
                                       United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 29, 2014.

                                       s/Deborah J. Goltz
                                       DEBORAH J. GOLTZ
                                       Case Manager

---

[1] In his motion for summary judgment, Defendant Parker does not specifically address the state-law claims; instead, he focuses on the Eighth Amendment claim. See Def. Mot. for Summ. J. (Dkt. 60). Accordingly, the Court declines to rule on the state-law claims.

[2] The Court previously dismissed the complaint with prejudice against the other Defendants — Soper, Mullins, Harvey, Peiffer, Warren, Caruso, Armstrong, Burtach and Durnan. See 11/10/11 Op. and Order (Dkt. 5); 9/18/13 Order (Dkt. 48). The basis for the Court's dismissal was Plaintiff's failure to state a claim under 42 U.S.C. § 1983 against those individuals.

The Court now modifies those orders so that the state-law claims against those Defendants are dismissed without prejudice for the same reasons as above, i.e., the Court declines to exercise supplemental jurisdiction over those claims. The remainder of the complaint against those Defendants remains dismissed with prejudice.