UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMOTHY LEWIS-EL, #229117,

       Plaintiff,                                   Case No. 11-CV-14472

vs.                                        HON. MARK A. GOLDSMITH

B. PARKER, et al.,

       Defendants.

_____/

## OPINION AND ORDER DENYING PLAINTIFF'S MOTION REQUESTING THE COURT TO RECONSIDER AND VACATE ITS 7-31-14 ORDER DENYING TIME EXTENSION (Dkt. 69)

### I.  INTRODUCTION

This pro se prisoner civil rights case, brought pursuant to 42 U.S.C. § 1983, is now before the Court on Plaintiff Timothy Lewis-El's motion asking the Court to reconsider its Order denying him an extension of time in which to file objections to the Magistrate Judge's Report and Recommendation, which recommended the Court dismiss the last Defendant from this case.  Because the Court concludes that Plaintiff has not shown excusable neglect for his failure to meet the deadlines, and because the Court finds that Plaintiff has not asserted a meritorious claim, the Court denies Plaintiff's motion.

### II.  BACKGROUND

Plaintiff filed the instant action against numerous defendants on October 11, 2011, alleging that one correctional officer grabbed and squeezed his testicle during a search, thereby causing physical pain.  Plaintiff also alleged that the medical staff were deliberately indifferent to his claimed pain, and that all of the Defendants worked together to cover-up the officer's actions.  Compl. (Dkt. 1).

The Court summarily dismissed the claims against many of the Defendants under 28 U.S.C. §§ 1915(e)(2) and 1915A(b) on November 10, 2011.  11/10/11 Op. and Order (Dkt.

5).  However, the Court permitted the claims against two of the medical-staff Defendants, and against the searching officer, to proceed.  Id.  The Court then referred the matter to Magistrate Judge R. Steven Whalen for all pretrial proceedings.  3/27/12 Order (Dkt. 8).

The remaining medical-staff Defendants then filed motions to dismiss.  See Def. Burtach Mot. to Dismiss (Dkt. 22); Def. Durnan Mot. to Dismiss (Dkt. 41).  The Magistrate Judge issued a Report and Recommendation ("R&R") recommending the Court grant the motions.  8/16/13 R&R (Dkt. 46).  Plaintiff did not submit any objections to the R&R.  After reviewing the R&R, the Court accepted the Magistrate Judge's recommendation and dismissed the medical-staff Defendants.  9/18/13 Order (Dkt. 48).

The remaining Defendant — Parker, the officer who purportedly grabbed Plaintiff's testicle — subsequently filed a motion for summary judgment.  Def. Parker Mot. for Summ. J. (Dkt. 60).  Defendant Parker argued that Plaintiff's claims were untrue and that he did not conduct a physical search of Plaintiff.  However, Defendant Parker argued that even if he had, Plaintiff's claims did not reach the level required to sustain a cause of action under section 1983.  Id. at 2-9.  Plaintiff filed a response, arguing that he had sufficiently pled such a cause of action because Defendant Parker's conduct amounted to sexual harassment/abuse and because it caused physical pain requiring medical treatment, thus violating Plaintiff's rights under the Eighth Amendment to the United States Constitution.  Pl. Resp. (Dkt. 62).

The Magistrate Judge issued a R&R on June 30, 2014, recommending that the Court grant Defendant Parker's motion.  6/30/14 R&R (Dkt. 64).  The Magistrate Judge concluded that Plaintiff's claims did not rise to the level of an Eighth Amendment violation, and that, even if they had, Defendant Parker was entitled to qualified immunity.  Id.  Therefore, the Magistrate Judge recommended dismissing the claims against Defendant Parker with prejudice.  Id. at 12.  The Magistrate Judge also stated in the R&R: "Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy

hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal." Id.

On July 29, 2014, after Plaintiff's time to file objections had run, the Court issued an Order accepting, in part, and rejecting, in part, the Magistrate Judge's recommendation. 7/29/14 Order (Dkt. 65). The Court explained that, because Plaintiff had not filed objections, the Court had "reviewed the R&R[] for clear error," and that, "[o]n the face of the record, the Court finds no clear error in the legal and factual analysis regarding Plaintiff's federal claim . . . ." Id. at 2. The Court thus dismissed this claim with prejudice. Id. at 3. However, the Court found that Plaintiff's state-law claims for "the tort of assault and battery" and "the tort of negligence" should be dismissed without prejudice. Id.

On July 29, 2014 — after the Order had been issued — the Court received a motion from Plaintiff requesting an extension of time to file objections to the R&R. Pl. Mot. for Extension (Dkt. 67). Plaintiff's motion appeared to have been filed on July 21, 2014 pursuant to the "prison mailbox rule," but this was still after the time for filing objections had run, i.e., July 17, 2014. The Court denied Plaintiff's motion as untimely, citing both Federal Rule of Civil Procedure 6(b)(1) and the R&R's express language that Plaintiff had 14 days to file objections. 7/31/14 Order (Dkt. 68).

Plaintiff then filed the instant "motion requesting the Court to reconsider and vacate its 7-31-14 order denying time extension" on August 22, 2014 (Dkt. 69).

### III. ANALYSIS

Plaintiff asks the Court to reconsider its decision denying him an extension of time within which to file objections to the Magistrate Judge's June 30, 2014 R&R. Pl. Mot. (Dkt. 69). Plaintiff argues such relief is warranted because: (1) he did not know that weekends counted in the 14-day time period, and the R&R did not expressly say that they did; and (2) his time in the prison law library has been limited from six hours per week to four hours per

week.  Id.  Although Plaintiff provides no authority in support of his request, the Court interprets Plaintiff's motion as requesting relief pursuant to Federal Rule of Civil Procedure 60(b)(1) and/or Eastern District of Michigan Local Rule 7.1(h)(1).

Under Rule 60(b)(1), a court may "relieve a party . . . from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect."  Courts analyze three factors when determining whether relief is warranted under Rule 60(b)(1): (i) whether a party seeking relief is culpable; (ii) whether the party opposing relief will be prejudiced; and (iii) whether the party seeking relief has a meritorious claim or defense."  Williams v. Meyer, 346 F.3d 607, 613 (6th Cir. 2003).  A party seeking relief must first satisfy the first factor before the Court will examine the remaining two factors.  Id.

In analyzing the first factor, there are a few considerations courts typically use in determining whether neglect is excusable: "the danger of prejudice to [the non-moving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith."  Yeschick v. Mineta, 675 F.3d 622, 629 (6th Cir. 2012) (citing Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'Ship, 507 U.S. 380, 395 (1993)). "Although these [considerations] are helpful, they are not solely determinative of excusable neglect."  Wheeler v. Fed. Nat. Mortg. Ass'n, No. 12-13685, 2013 WL 3456966, at *1 (E.D. Mich. July 9, 2013) (citing Yeschick, 675 F.3d at 629).

The Local Rules for the Eastern District of Michigan also have restrictions on motions for reconsideration.  Such motions must be filed "within 14 days after entry of the judgment or order," LR 7.1(h)(1), and must demonstrate both (i) "a palpable defect by which the Court and the parties and other persons entitled to be heard on the motion have been misled" and that (ii) "correcting the defect will result in a different disposition of the case," LR 7.1(h)(3).

4:11-cv-14472-MAG-RSW   Doc # 70   Filed 11/13/14   Pg 5 of 10   Pg ID 315

To the extent Plaintiff is seeking relief pursuant to Local Rule 7.1(h), Plaintiff's motion is untimely.  The Court issued its Order (and judgment) on July 29, 2014, its Order on the motion for extension on July 31, 2014, and the filing date for the instant motion is deemed to be August 22, 2014, based on the "prison mailbox rule."  Therefore, Plaintiff's motion was filed more than "14 days after entry of the judgment or order," even including the three extra days permitted by Federal Rule of Civil Procedure 6(d).  Further, as explained below, Plaintiff has not shown a "palpable defect by which the Court and the parties and other persons entitled to be heard on the motion have been misled."

To the extent Plaintiff is seeking relief pursuant to Rule 60(b)(1), the Court concludes that Plaintiff has not shown excusable neglect for his failure to timely file either objections or his motion for extension of time.  Three of the above considerations— prejudice to Defendant, the length of the delay, and whether Plaintiff acted in good faith — counsel in favor of finding excusable neglect; no prejudice to Defendant has been shown, the length of the delay was relatively minimal, and there is no evidence that Plaintiff acted in bad faith.

However, the Court finds that the remaining considerations — the reason for the delay and whether it was within the reasonable control of the movant — strongly counsel against finding excusable neglect in this case.  Plaintiff argues that he "reasonably believed that the 14 day time period did not include weekends especially in light of the fact that the prison Law Library is not in use most weekends and based on the fact that the magistrate gave no reasonable indication that weekends were not to be excluded."  Pl. Mot. at 1 (cm/ecf page).  However, Federal Rule of Civil Procedure 6(a)(1) states that "[w]hen [a] period is stated in days or a longer unit of time: (A) exclude the day of the event that triggers the period; (B) count every day, including intermediate Saturdays, Sundays, and legal holidays; and (C) include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or

5

legal holiday." (Emphasis added). Therefore, the rules clearly include interim weekend days in the calculation. And to the extent Plaintiff tries to place the blame on the Magistrate Judge by claiming he "gave no reasonable indication that weekends were not to be excluded," Plaintiff has failed to provide any authority suggesting the Magistrate Judge was required to make such an "indication" in his R&R.

As the Sixth Circuit has repeatedly explained, and as this Court even pointed out in its July 31, 2014 Order, ignorance of the rules or mistakes in construing the rules does not usually constitute excusable neglect. Proctor v. Northern Lakes Community Mental Health, 560 F. App'x 453, 458 (6th Cir. 2014); Merriweather v. Wilkinson, 83 F. App'x 62, 64 (6th Cir. 2003) (affirming denial of motion under Rule 60(b)(1) where plaintiff claimed excusable neglect in failing to file objections to an R&R based on his "pro se status and lack of legal training"); Nicholson v. City of Warren, 467 F.3d 525, 526-527 (6th Cir. 2006) ("Ignorance of the rules or mistakes in construing the rules do not usually constitute excusable neglect. . . . Furthermore, mistakes by those who proceed without counsel are not necessarily excusable."). This rule applies with equal force to pro se litigants. Proctor, 560 F. App'x at 458. Therefore, the Court finds that Plaintiff has not shown excusable neglect based on his mistaken belief that the 14-day objection period did not include weekend days.

Nor is the Court persuaded by Plaintiff's argument regarding his reduced hours for access to the law library. Although this may have explained why Plaintiff was unable to complete objections to the R&R in a timely fashion, it does not explain why his motion for an extension of time was not prepared until after the objection period had run. See Wheeler, 2013 WL 3456966, at *2 (finding no excusable neglect where pro se plaintiff did not timely request an extension, despite suffering health issues). To the extent Plaintiff believed he needed more time to prepare objections, he could have filed a motion for extension at the

beginning or middle of the period, particularly given that the R&R clearly set forth the time table for filing objections.[1]

Accordingly, although the prejudice to Defendant and length of delay may have been minimal, the Court finds that Plaintiff has not shown excusable neglect; the missed deadlines were completely within his control, and the purported reasons for the delay could have been resolved easily by a quick read of the Federal Rules and the filing of a timely motion for extension toward the beginning of the objection period.  In such circumstances, courts have held the excusable-neglect standard to not be met.  See supra at 6; see also Childress v. Michalke, No. 10-11008, 2012 WL 5986643, at *2-3 (E.D. Mich. Nov 29, 2012) (finding neglect not excusable — even though prejudice to the defendants and the length of delay were minimal — given the reason for the delay, that the delay was entirely within the plaintiff's control, and that plaintiff had questionably exercised bad faith).  Therefore, and for the reasons more fully set forth in the Court's July 31, 2014 Order, the Court finds that Plaintiff is not entitled to the relief under Rule 60(b)(1).

Moreover, even if the Court was to review the merits of Plaintiff's objections contained within the present motion, the Court would conclude that Plaintiff is not entitled to relief.  First, Plaintiff argues — without citation to any authority — that the Magistrate Judge erred in concluding that Defendant Parker would be entitled to qualified immunity.  Pl. Mot. at 2 (cm/ecf page).  The basis for Plaintiff's argument is that Defendant Parker was "sued only in his individual capacity and not in any official capacity . . . for which an Eleventh Amendment immunity would be permissible."  Id.; see also id. ("This is so because the Eleventh Amendment cannot and does not and have [sic] never, since its inception provided for such a defense for a defendant that is sued in his 'individual capacity.'" (Emphasis in original)).

---

[1]  The Court notes that Plaintiff has timely filed such a motion for extension in the past, with citation to Federal Rule of Civil Procedure 6.  See 1/28/13 Letter (Dkt. 28).

This argument is completely meritless.  The defense of qualified immunity "protects a public official in his individual capacity from civil damages."  Everson v. Leis, 556 F.3d 484, 501 n.7 (6th Cir. 2009); Barachkov v. Davis, -- F. App'x --, 2014 WL 4251577, at *5 (6th Cir. 2014) ("Qualified immunity shields a defendant sued in his or her individual capacity from monetary liability."); Ryan v. City of Detroit, No. 11-10900, 2013 WL 6730051, at *3 (E.D. Mich. Dec. 19, 2013) (Goldsmith, J.) ("Qualified immunity prevents a plaintiff from recovering against a police officer in the officer's individual capacity, unless the plaintiff can (i) demonstrate a constitutional violation and (ii) show that the right infringed was clearly established such that a reasonable officer would have known that his conduct was unlawful.").[2]  Indeed, the defense of qualified immunity only applies to individual defendants sued in their individual capacity; it does not apply to government officials defending against suit in their official capacity.  See Faith Baptist Church v. Waterford Twp., 522 F. App'x 322, 327 (6th Cir. 2013) ("Qualified immunity protects officials from monetary damages in their individual capacities only and cannot be the basis for dismissal of an official capacity suit.").  Plaintiff appears to be confusing sovereign immunity with qualified immunity.  See Kentucky v. Graham, 473 U.S. 159, 167 (1985) ("The only immunities that can be claimed in an official-capacity action are forms of sovereign immunity that the entity, qua entity, may possess, such as the Eleventh Amendment.").

Plaintiff also argues that the Magistrate Judge clearly erred because none of the cases cited in the R&R "alleged injury to the extent that they had to receive medical treatment as [P]laintiff does here."  Pl. Mot. at 2 (cm/ecf page).  Plaintiff argues that "[n]owhere in the recommendation does the magistrate ever indicate that I not only had to go to Health Care, but I was also treated and given medication for the pain I was in for weeks."  Id.

---

[2] Plaintiff does not challenge the R&R's recommendation, or the Court's acceptance of that recommendation, that Plaintiff's claim for injunctive relief is moot given his transfer to another facility.  R&R at 11-12.

The Court notes that while Plaintiff faults the Magistrate Judge for purportedly failing to cite a case comparable to the purported extent of the injury allegedly at issue here, Plaintiff similarly fails to include any such authority in his motion.  Furthermore, at least two of the cases cited by the Magistrate Judge <u>did</u> involve allegations of pain arising from the touching of a prisoner's genitals, albeit not continuing pain:  <u>Solomon v. Mich. Dep't of Corrections</u>, 478 F. App'x 318, 320 (6th Cir. 2012) (noting that plaintiff alleged the officer "squeezed his penis hard enough to cause pain," although plaintiff did not allege that he was injured) and <u>Tuttle v. Carroll Cnty. Detention Ctr.</u>, 500 F. App'x 480, 481 (6th Cir. 2012) ("His bare-bone allegation that the female deputy '<u>grabbed</u> my privates and <u>squeezed</u> <u>them</u> <u>really</u> <u>hard</u>' is simply too subjective and vague to state an Eighth Amendment violation." (Emphasis in original)).

Moreover, even taking Plaintiff's allegations as true, the Court finds that the extent of his pain does not rise to the level required to support an Eighth Amendment violation.  The documents Plaintiff attached to his complaint reveal that he listed his pain as "moderate," the frequency as "intermittent[]," and that the physician's plan was for Plaintiff to remain on Naprosyn and to contact a health care provider if the pain persisted.  <u>See</u> 10/8/08 Physical Exam (Dkt. 1, 29-31 of 33 (cm/ecf page)).[3]  Notably, Plaintiff does not allege that he contacted — or tried to contact — a health care provider after this appointment.[4]  Therefore, the Court finds that Plaintiff's allegations regarding his purported injury do not change the Court's decision regarding his federal claims.  <u>See</u> <u>Rhoten v. Werholtz</u>, 243 F. App'x 364,

---

[3] Naprosyn is a nonsteroidal anti-inflammatory drug.  Physician's Desk Reference 2458 (52nd ed. 1998).  It is intended to be used in the treatment of mild to moderate pain.  <u>Id.</u> Plaintiff reported that the Naprosyn relieved his pain.  <u>See</u> 10/8/08 Physical Exam (Dkt. 1, 29 of 33 (cm/ecf page)).

[4] Plaintiff does allege that the pain continues "to date, without any treatment being provided to Plaintiff."  Compl. ¶ 20.  However, Plaintiff does not allege that he requested, or tried to request, any such follow-up treatment.  Indeed, the Court notes that Plaintiff is now in a new facility, but he does not allege that the medical staff there have provided or refused to provide treatment upon his request.

365-367 (10th Cir. 2007) (no Eighth Amendment violation where plaintiff alleged the defendant officer "slammed him against the wall, squeezed his nipples real hard, squeezed his buttocks, and pulled on his testicles real hard causing him a great deal of discomfort and pain," ultimately resulting in plaintiff seeking medical treatment and obtaining Tylenol (alterations omitted)); Carpenter v. Sheriff of Roanoke City, No. 05-00667, 2006 WL 2709691, at *3-4 (W.D. Va. Sept. 20, 2006) (Urbanski, M.J.) (no Eighth Amendment violation where plaintiff alleged the defendant officer "chopped his testicles" and "cupped his penis and testicals [sic] . . . and pulled violently down on them," resulting in plaintiff seeking medical treatment and obtaining four ibuprofen and an ice pack).

Accordingly, the Court finds that Plaintiff has not shown excusable neglect for the Court to reconsider and/or vacate its July 31, 2014 Order denying his motion for extension of time to file objections. Alternatively, the Court concludes that Plaintiff's objections are not meritorious. Therefore, the Court denies Plaintiff's "motion requesting the Court to reconsider and vacate its 7-31-14 order denying time extension." (Dkt. 69).

## IV. CONCLUSION

For the reasons discussed above, the Court denies Plaintiff's motion requesting the Court to reconsider and vacate its July 31, 2014 Order denying a time extension (Dkt. 69).

SO ORDERED.

|  |  |
|---|---|
| | s/Mark A. Goldsmith |
| Dated: November 13, 2014 | MARK A. GOLDSMITH |
| Detroit, Michigan | UNITED STATES DISTRICT JUDGE |

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 13, 2014.

s/Johnetta M. Curry-Williams
CASE MANAGER

10